# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTA J. SANTOS, | Case No. 1:13-cv-00163-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| LANIER, | |
| Defendant. | (Doc. 1) |
| | THIRTY-DAY OBJECTION DEADLINE |

## I. Screening Requirement and Standard

Plaintiff Matta J. Santos, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 1, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**II.    Discussion**

    **A.    Allegations**

Plaintiff, who is incarcerated at California Correctional Institution in Tehachapi, California, brings this action for damages against Defendant LaNier, a Licensed Vocational Nurse at the prison.

Plaintiff is allergic to codeine and his allergy is documented in his medical chart.  On June 1, 2012, Defendant LaNier delivered codeine to Plaintiff in his cell at 7:30 p.m.  Approximately two hours later, a correctional officer told Plaintiff to cuff up for an escort to the medical clinic.  When Plaintiff asked why, the officer told him Defendant LaNier had given him the wrong medication.  Plaintiff was observed at the clinic for approximately an hour before being sent back to his cell.  Plaintiff was instructed to notify the floor officers if he had any problems.

At 7:30 a.m., Plaintiff was taken back to the medical clinic and interviewed. Plaintiff's blood pressure was 154/106 and he told medical staff that during the night, he suffered from stomach cramps, vomiting, profuse sweating, and severe head pain.

Plaintiff alleges that his prescription was for tramadol, not codeine, and staff knew he was allergic to codeine. Plaintiff alleges that Defendant LaNier should not have given him the wrong medication, he was not provided with follow-up treatment, and he continues to suffer from permanent injuries.

### B.   Eighth Amendment Medical Care Claim

Section 1983 only provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law, *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934, and negligent medical care does not support a claim for relief under section 1983, *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)). The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow*, 681 F.3d at 985; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985; (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Ingesting medication one is allergic to can undoubtedly present a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff's allegations do not support a claim that in giving him the wrong medication, Defendant LaNier was acting with deliberate indifference. *Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096. Plaintiff's allegations suggest nothing more than an isolated incidence of negligence, which is not redressable under the Eighth Amendment. *Estelle*, 429 U.S. at 106; *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122; *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### III. Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Based on the event giving rise to Plaintiff's claim against Defendant LaNier, the Court finds that the deficiencies are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). At best, Plaintiff's allegations suggest Defendant LaNier acted negligently, which does not support a claim for relief under the Eighth Amendment. *Estelle*, 429 U.S. at 106; *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122; *Wood*, 900 F.2d at 1334.

Accordingly, the Court HEREBY RECOMMEDS that this action be dismissed, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2013**                          **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE